FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP - 6 2018   ★

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

VALDIVA GUALBERTO DA SILVA,

                Plaintiff,

     -against-

TOWN SPORTS INTERNATIONAL, LLC,

                Defendant.

**COMPLAINT**

**CV 18-5046**

JURY TRIAL
DEMANDED

**VITALIANO, J.**

**ORENSTEIN, M.J.**

-------------------------------------------------------------------

1. Plaintiff, VALDIVA GUALBERTO DA SILVA (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, VALDIVA GUALBERTO DA SILVA, through undersigned counsel, brings this action against TOWN SPORTS INTERNATIONAL, LLC (hereinafter referred to as "Defendant"), to recover damages for egregious violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, *et seq.* ("NYCHRL") and other appropriate rules, regulations, statutes and ordinances for unlawful discrimination on the basis of Plaintiff's gender, subjecting Plaintiff to sexual harassment and a hostile work environment, and unlawful retaliation arising out of Plaintiffs' employment with Defendant by TOWN SPORTS INTERNATIONAL, LLC ("TSI") at NEW YORK

1

SPORTS CLUB ("NYSC") located at 99-23 Queens Boulevard, Rego Park, New York 11374.

3. Plaintiff was employed by Defendant at NYSC, located at 99-23 Queens Boulevard, Rego Park, New York 11374 as a trainer.

4. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages to redress Defendant' unlawful gender discrimination against the Plaintiff and subjecting Plaintiff to sexual harassment and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, New York Executive Law § 290 ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107, *et seq.* ("NYCHRL") and other appropriate rules, regulations, statutes and ordinances.

5. Defendant's conduct was knowing, malicious, willful and wanton and showed a reckless disregard for the Plaintiff, which has caused and continues to cause the Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputations and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

6. This is a civil rights action brought by the Plaintiff in order to redress multiple deprivations by the Defendant of Plaintiff's rights secured by the Constitution of the State of New York, as well as pursuant to 42 U.S.C. § 2000e *et seq.,* otherwise known as Title VII of the Civil Rights Act of 1964, the New York State Executive Law § 290, and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107.

7. Jurisdiction is conferred on the Court by 28 U.S.C. 1331 and 28 U.S.C. 1343(a) and under the doctrine of supplemental and pendent jurisdiction.

8. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367, as these claims arise from a common nucleus of operative facts.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

11. Plaintiff first spoke with the United States Equal Employment Opportunity Commission ("EEOC") on February 15, 2017 and filed a charge with the EEOC office located at 33 Whitehall Street, 5th Floor, New York, New York 10004.

12. Plaintiff re-filed her charge with the EEOC on or around February 16, 2018 (EEOC Charge No. 520-2018-02411) charging Defendant with unlawful discriminatory practices based on their actions.

13. On July 9, 2018, the EEOC issued the Plaintiff notice of right to bring suit in federal district court based on the allegations of unlawful discrimination on the basis of gender discrimination and sexual harassment.

14. This action has been filed within 90 days of Plaintiff's receipt of their right-to-sue letter from the EEOC.

15. Any and all other prerequisites to the filing of this suit have been met.

**THE PARTIES**

16. Plaintiff, VALDIVA GUALBERTO DA SILVA, is a resident of the State of New York and is employed by Defendant at NEW YORK SPORTS CLUB located at 99-23 Queens Boulevard, Rego Park, New York 11374 as a trainer from in or around 2002 to the present.

17. Upon information and belief, Defendant, TOWN SPORTS INTERNATIONAL, LLC, is a domestic limited liability company organized under the laws of New York with a principal executive office at 5 Penn Plaza, 4th Floor, New York, New York 10001.

18. Upon information and belief, Defendant, TOWN SPORTS INTERNATIONAL, LLC, is a domestic not-for-profit corporation authorized to do business under the laws of New York.

19. During all relevant times herein, Defendant TOWN SPORTS INTERNATIONAL, LLC was Plaintiffs' employer within the meaning of the Title VII of the Civil Rights

3

Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), the New York City Human Rights Law, and N.Y. City Admin. Code §§ 8-101, *et seq.* ("NYCHRL").

## NATURE OF THE ACTION

20. This is an action brought for the monetary damages for pain, suffering, humiliation, lost wages and other compensation. This is also an action brought for declaratory, injunctive, equitable and affirmative relief. Exemplary damages, counsel fees and the costs and expenses to redress the injuries caused by the acts of the Defendant are also sought.

## STATEMENT OF FACTS

21. Plaintiff has been employed by Defendant by TOWN SPORTS INTERNATIONAL, LLC ("TSI") at NEW YORK SPORTS CLUB ("NYSC") located at 99-23 Queens Boulevard, Rego Park, New York 11374 from in or around 2002 to the present.

22. Plaintiff has been employed by Defendant as a trainer.

23. Plaintiff began to experience a hostile work environment and sexual harassment in 2014 when Antonio Monteiro ("Monteiro"), then a member of NYSC, would make inappropriate sexual comments toward Plaintiff, attempt to kiss Plaintiff, and make comments as to Plaintiff's appearance on a regular basis despite Plaintiff asking Monteiro to not engage in such activities repeatedly.

24. After Monteiro became employed by NYSC in or around 2015, Monteiro attempted to kiss Plaintiff on her lips approximately four to five times within his first few months of employment, despite Plaintiff telling Monteiro to stop doing that and that she was not interested in him.

25. In 2016, Monteiro's behavior began to escalate, continuing to sexual harass Plaintiff on a regular basis by attempting to kiss and touch Plaintiff without her consent, including groping Plaintiff by putting his thigh in between Plaintiff's buttocks without her consent, and despite Plaintiff repeatedly telling Monteiro to stop engaging in this behavior.

26. On July 15, 2016, while Plaintiff was training a client, Monteiro groped Plaintiff's left and right buttocks, without Plaintiff's consent, with his hand as he walked behind Plaintiff and smirked at Plaintiff as he walked away. Monteiro then proceeded to pick up an orange cone, which he used as a megaphone to further humiliate Plaintiff by repeatedly yelling, "Val, are you trying to protect that area?" This incident was witnessed by numerous people, including Plaintiff's client at the time.

27. Plaintiff felt humiliated, embarrassed and distraught after the incident and could not stop thinking about it for days before she decided to alert management.

28. About a week after the incident occurred, Plaintiff approached Ben Chan ("Chan"), the fitness manager at the NYSC located at 99-23 Queens Boulevard, Rego Park, New York 11374 and informed him of what Monteiro did to her. Chan advised Plaintiff that there was a form to fill out online, but that Plaintiff did not need to file it. Chan further advised that he would report the incident to Human Resources and District Manager Paul Grima ("Grima").

29. About a week after Plaintiff informed Chan, Plaintiff was called into a meeting with Chan, Grima and Human Resources Representative Nicole Smith ("Smith"). Smith attended the meeting telephonically. Plaintiff described to Chan, Grima and Smith the repeated harassment she faced on the job and handed Grima a witness statement from her client who was present for the July 15, 2016 incident. Grima and Smith advised Plaintiff that they would investigate further.

30. Following Plaintiff's meeting with Chan, Grima and Smith, Plaintiff still had to work with Monteiro, who would repeatedly follow Plaintiff around NYSC and stare at her with an intimidating and menacing demeanor, making Plaintiff fearful of her safety.

31. Plaintiff went to the local police department and got an order of protection against Monteiro. Monteiro responded by texting Plaintiff that she "would suffer the consequences."

32. In a second meeting with Grima and Smith shortly after Plaintiff got the order of protection, they advised Plaintiff that they spoke to Monteiro and he received the order of protection and that Grima and Smith said that they were still investigating Plaintiff's allegations of sexual harassment and discrimination.

33. A third meeting occurred between Plaintiff and Grima and Smith during which Grima and Smith said that they conducted their investigation and said that there was not enough evidence that Monteiro groped Plaintiff and that Monteiro was sexually harassing Plaintiff. Grima and Smith advised that Monteiro would be transferred to a different location but no adverse action would be taken against him. This was despite the fact that Plaintiff provided a statement from the client who witnessed the July 15, 2016 incident in addition to a statement from a NYSC member who was groped in the same manner as Plaintiff.

34. After this meeting, Plaintiff began to feel the effects of retaliation in response to bringing complaints against Monteiro and his sexual assault on Plaintiff. Plaintiff stopped receiving fitness evaluations and Chan, the fitness manager, began avoiding Plaintiff. As a result, Plaintiff began losing business and was not given the same opportunity to meet with new clients. This had a direct effect on Plaintiff's ability to earn as a trainer at NYSC.

35. Prior to making complaints about Monteiro's behavior in the summer of 2016, Plaintiff regularly received five to six potential new clients per week, however, after she made complaint about Monteiro, Chan stopped giving Plaintiff any new clients and would give them to other trainers.

36. Furthermore, as a result of Plaintiff not receiving potential new clients, Chan put Plaintiff in jeopardy of getting fired and resulted in her hours being cut from approximately 23-26 hours per week to approximately 13-17 hours per week.

37. As a result of Plaintiff's hours being cut, Plaintiff had to take on part-time work at the NYSC located at 8016 Cooper Avenue, Glendale, New York 11385 just so she could get more potential new clients.

38. As a result of being retaliated against and having her hours cut, Plaintiff lost her health benefits, including her dental and medical benefits and had to pay out of pocket for her own insurance.

39. Moreover, throughout the relevant time period from when Plaintiff was groped by Monteiro through the retaliation suffered by Plaintiff, Plaintiff was the only female trainer at the NYSC located at 99-23 Queens Boulevard, Rego Park, New York 11374.

40. By virtue of being the only female trainer at Plaintiff was subject to sexual harassment by Monteiro and discrimination on the basis of her gender.

41. Plaintiff was treated differently from the other trainers as she was the only one to stop receiving potential new clients after she reported Monteiro's sexual assault.

42. But for Plaintiff's gender, Plaintiff would not have been subjected to a hostile work environment and repeated sexual harassment and assault.

43. Upon information and belief, no male trainer at NYSC located at 99-23 Queens Boulevard, Rego Park, New York 11374 was subject to unwanted sexual harassment or assault nor did any male trainer stop receiving potential new clients when Plaintiff stopped receiving new clients.

44. The pattern of sexual harassment, discrimination and retaliation has been ongoing and continuous and Plaintiff continues to experiences the effects of such today.

45. Plaintiff was subjected to this discrimination and harassment solely due to her gender.

46. But for the fact that Plaintiff is female and complained about sexual harassment and discrimination, Defendant would not have retaliated against Plaintiff.

47. Plaintiff feels offended, disturbed, and humiliated by the illegal discrimination and harassment based solely on her gender and in retaliation for complaining of discrimination.

48. Defendant also created a hostile work environment, which unreasonably interfered with Plaintiff's right to a safe work environment.

49. As a result of Defendant's discriminatory and retaliatory treatment of Plaintiff, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. Defendant was aware that Monteiro subjected Plaintiff to repeated sexual harassment, assault and discrimination and that Chan retaliated against Plaintiff by cutting her hours and failed to take necessary action to protect Plaintiff.

51. Plaintiff continues to see psychologist as a result of the trauma suffered from the continuous sexual harassment, assault, and discrimination. Plaintiff remains fearful to leave her apartment and for her personal safety.

52. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

53. Therefore, Plaintiff brings this action seeking relief from the Court for violations of the applicable discrimination laws.

## AS AND FOR A FIRST CAUSE OF ACTION
### Title VII
### (Gender – Sexual Harassment)

54. Plaintiff repeats and re-alleges each and every allegation contained herein.

55. Defendant have discriminated against Plaintiff on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964, by, among other things, subjecting Plaintiff to continued harassment.

56. Plaintiff was subjected to a hostile work environment, which manifested itself in adverse action taken against her.

57. Plaintiff has established that Defendant engaged in a pattern and practice of discrimination, in the manner in which Plaintiff was treated.

58. The treatment was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

59. Plaintiff has been caused to suffer severe emotional and economic damages as a result of this conduct.

60. Defendant discriminated against Plaintiff with respect to her employment terms, working conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964.

61. But for Plaintiff's gender, Plaintiff would not have been subjected to discrimination.

62. Defendant, acted knowingly and willfully in violation of Title VII.

63. Defendant violated Title VII by discriminating against Plaintiff on the basis of her gender inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in retaliation against Plaintiff.

64. As a proximate cause of Defendant' discrimination, Plaintiff has suffered and continue to suffer substantial loss of compensation, all to Plaintiff's damages in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Discrimination under the NYSHRL

### (Gender – Sexual Harassment)

65. Plaintiff repeats and re-alleges each and every allegation contained herein.

66. The New York State Human Rights Law prohibits discrimination based upon an individual's GENDER by employers.

67. In violation of the NYSHRL, Defendant repeatedly discriminated against the Plaintiff on the basis of HER GENDER by, among other things, subjecting her to continued harassment and retaliation against Plaintiff.

68. Defendant, upon information and belief, employs four or more persons and are thus an "employer" covered by the Human Rights Law.

69. Defendant violated the New York State Human Rights Law, New York Executive Law §290 *et seq.* (and in particular, Executive Law §§ 296-297) by discriminating against Plaintiff on basis of her gender inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in sexual harassment, assault and retaliation.

70. Defendant's conduct was done in conscious disregard of Plaintiff's rights in violation of New York State Human Rights Law, New York Executive Law §290 *et seq.*

71. Therefore, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

## AS AND FOR A THIRD CAUSE OF ACTION

### Discrimination under NYCHRL

### (Gender – Sexual Harassment)

72. Plaintiff repeats and re-alleges each and every allegation contained herein.

73. In violation of the NYCHRL, Defendant repeatedly discriminated against Plaintiff on the basis of her gender by, among other things, subjecting Plaintiff to continued sexual harassment on the basis of her gender and retaliation against Plaintiff.

74. Defendant employs more than one person and thus is an "employer" under New York City Adm. Code.

75. Defendant violated the New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.* by discriminating against Plaintiff on the basis of her gender inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's harassment and retaliation.

76. Defendant' conduct was done in conscious disregard of Plaintiff's rights in violation of New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.*

77. Therefore, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Title VII
### (Unlawful Retaliation)

78. Plaintiff repeats and re-alleges each and every allegation contained herein.

79. Title VII's antiretaliation provision forbids employer actions that "discriminate against" an employee because he has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a).

80. In complaining about Plaintiff's discrimination on the basis of her gender and the sexual harassment and assault suffered by Plaintiff, Plaintiff was engaging in a protected activity, and Defendant were fully aware of that.

81. Defendant treated Plaintiff adversely because of her complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of 42 U.S.C. § 2000e-3(a).

82. As a result of Defendant's unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

83. Defendant should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendant and to deter Defendant from engaging in such illegal and immoral conduct in the future.

## AS AND FOR A FIFTH CAUSE OF ACTION
### NYSHRL
#### (Unlawful Retaliation)

84. Plaintiff repeats and re-alleges each and every allegation contained herein.

85. Defendant' conduct as described is violative of the anti-retaliation provision of the NYSHRL, Executive Law § 296.7.

86. In complaining about Plaintiff's discrimination on the basis of her gender and the sexual harassment and assault suffered by Plaintiff, Plaintiff was engaging in a protected activity, and Defendant were fully aware of that.

87. Defendant treated Plaintiff adversely because of her complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of the NYSHRL.

88. As a result of Defendant's unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

89. Defendant should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendant and to deter Defendant from engaging in such illegal and immoral conduct in the future.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NYCHRL
#### (Unlawful Retaliation)

90. Plaintiff repeats and re-alleges each and every allegation contained herein.

91. Defendant' conduct as described is violative of the anti-retaliation provision of the NYCHRL, Section 8-107(7) of the Administrative Code of the City of New York.

92. In complaining about Plaintiff's discrimination on the basis of her gender and the sexual harassment and assault suffered by Plaintiff, Plaintiff was engaging in a protected activity, and Defendant were fully aware of that.

93. Defendant treated Plaintiff adversely because of her complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of the NYCHRL.

94. As a result of Defendant' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

95. Defendant should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendant and to deter Defendant from engaging in such illegal and immoral conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. On Plaintiff's First Cause of Action for unlawful gender discrimination and sexual harassment in violation of Title VII, *inter alia*, back pay, front pay, the value of lost benefits to be determined at trial, together with compensatory damages and punitive damages in amounts to be determined at trial, but which are believed to exceed applicable Title VII caps on such damages;

b. On Plaintiff's Second Cause of Action for unlawful gender discrimination and sexual harassment in violation of the NYSHRL, *inter alia*, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;

c. On Plaintiff's Third Cause of Action for unlawful gender discrimination and sexual harassment in violation of the NYCHRL, *inter alia*, back pay, front pay, the value of lost benefits to be determined at trial, together with punitive damages in an amount to be determined at trial;

d. On Plaintiff's Fourth Cause of Action for unlawful retaliation in violation of Title VII, *inter alia*, back pay, front pay, the value of lost benefits to be determined at

trial, together with compensatory damages and punitive damages in amounts to be determined at trial, but which are believed to exceed applicable Title VII caps on such damages;

e.  On Plaintiff's Fifth Cause of Action for retaliation in violation of the NYSHRL, *inter alia*, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;

f.  On Plaintiff's Sixth Cause of Action for unlawful retaliation in violation of the NYCHRL, *inter alia*, back pay, front pay, the value of lost benefits to be determined at trial, together with punitive damages in an amount to be determined at trial;

g.  Awarding Plaintiff prejudgment and post-judgment interest;

h.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

i.  Awarding such and further relief as this court deems necessary and proper;

j.  Judgment declaring Defendant violated the aforementioned statutes;

k.  Defendant, its agents, employees, officers, and successors in interest, and those acting in concert with Defendant, be permanently enjoined from discriminating on any basis forbidden by NYSHRL;

l.  Defendant, its agents, employees, officers, and successors in interest, and those acting in concert with Defendant, be permanently enjoined from discriminating on any basis forbidden by NYCHRL; and

m.  For such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 30ᵗʰ day of August 2018.

Roman Avshalumov, Esq.
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

14